**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002570
29-JAN-2015
08:07 AM**

NO. CAAP-13-0002570

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHRISTOPHER C. MUNDON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-12-04988)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendant-Appellant Christopher C. Mundon (**Mundon**) appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment," (**Judgment**) entered June 6, 2013 in the District Court of the First Circuit[1] (**district court**). The district court's Judgment found Mundon guilty of operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant (**OVLPSR-OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1) and/or (a)(2) (Supp. 2013).[2]

---

[1]   The Honorable Linda K.C. Luke presided.

[2]   HRS § 291E-62 provides, in relevant part:

   **§291E-62 Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.**  (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted . . . shall operate or assume actual physical control of any vehicle:

      (1)   In violation of any restrictions placed on the person's license;

(continued...)

Mundon contends the district court erred when it denied his oral motion to suppress Honolulu Police Department Officer Adam Roberg's (**Officer Roberg**) September 9, 2011 investigative stop of Mundon because the State failed to produce sufficient evidence that the stop was warranted.  Mundon also contends the district court erred when it found him guilty of OVLPSR-OVUII because Plaintiff-Appellee State of Hawai'i (**State**) failed to produce sufficient evidence that he knew or should have known that his license was revoked.

The State concedes that it did not produce sufficient evidence to establish that the stop was warranted and therefore makes no argument against reversal on that ground.  The State argues, however, that the conviction is supported by sufficient evidence that Mundon possessed the requisite mens rea.

## I.   BACKGROUND

On September 9, 2011, Officer Roberg initiated a traffic stop on Mundon near the intersection of Merchant and Mililani Streets.  When Officer Roberg asked Mundon for his license, registration, and insurance, Mundon replied that he had a temporary license but did not have it with him.  Officer Roberg collected Mundon's personal information orally, and cited Mundon for OVLPSR-OVUII.

Arraignment, plea, and trial were held on June 6, 2013. During trial, Officer Roberg testified as a witness for the State and the following exchange occurred during direct examination with regard to Officer Roberg's recollection of why he stopped Mundon:

> Q. [Prosecutor] Officer, on September 9th, 2011, what did you initially stop [Mundon] for?
>
> A. [Officer Roberg] I was at Mililani/Merchant Street enforcing a stop sign violation.  I do have to say, however, I -- the citation that I'm here to talk about is the criminal tag.  I also would have given him an infraction tag, which I don't have. And being honest, I don't exactly remember which infraction I would have given him in that other tag; and since I don't have it, I apologize, I can't tell you exactly.  If I could assume, which I know doesn't

---

[2](...continued)

(2)   While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

mean a whole lot, it was there for the stop sign violation that I would have stopped him originally and found that he didn't have a license; however, I don't have that citation, ma'am. I just want to go ahead and say that.

Q. All right. And, in fact, Officer [Roberg], on that date, did you write anything down on the citation that you do have and that's a part of this -- this action today that would give you a clue as to why you stopped him?

A. Of course. And like I said, the -- not only the location that's -- where we were sent in that normal time -- or on that date and time to address an ongoing OIC where people were running the stop sign there.

Q. Yeah.

A. I also indicated on this citation that there was a stop sign, and in the -- I believe in the beginning verbiage of what I actually wrote on my citation it said at the time of the stop. So there was an infraction at that time, but I don't –

[Defense Counsel]: Objection.

[Officer Roberg]: -- I don't have the citation.

[Defense Counsel]: Calls for speculation as –

THE COURT: Thank you. Sustained.

Q. BY [Prosecutor]: Is there anything that would refresh your memory more specifically?

A. [Officer Roberg] I -- I am aware of the criminal tag. If I had the infraction tag –

Q. All right.

A. -- I -- I'd -- it would –

Q. May I show you a copy –

A. -- refresh my memory.

Q. -- of your -- your criminal tag?

A. Sure.

[Prosecutor]: Your Honor, if I could show it to [Mundon]?

THE COURT: The record shall so reflect. You may approach.

[Defense Counsel]: No objection, Your Honor.

THE COURT: Thank you.
Q. BY [Prosecutor]: Officer Roberg, I'm handing you this copy –

A. Okay.

Q. -- of your... Take a look at it.

A. Yes.

Q. May I have it back?

A. Sure.

Q. Officer Roberg, did you mark anywhere on this that -- in parentheses, "stop"?

A. Yes.

Q. Okay. And what does that mean?

A. That there was a stop sign in the area.

Q. Okay. Would you have written that on this tag if it didn't have any bearing on the case?

A. No. However, I -- I would -- again, like I say -- now, I'm trying to be as honest as possible. I know I'm under oath and I want to be fair to everybody. I -- without that citation in front of me, I don't remember which block I would have checked on the infraction.

Q. All right.

A. I can assume that it is for -

Q. So we're not -

A. -- for that.

Q. -- asking you what's on the other infraction.

A. Okay. I understand. But I can't tell you that that's-

Q. But right now -

A. -- what he was stopped for.

Q. -- we're asking you that you -- that -- if you, in fact, had that in parentheses, the word "stop."

A. Yes, I did.

Q. Okay. On this infraction?

A. Yes, ma'am.

Q. Presumably that you referred -- you -- you're telling us now that it referred to the stop sign?

[Defense Counsel]: Objection. Leading -- or -

THE COURT: Thank you.

[Defense Counsel]: -- speculative.

THE COURT: Sustained.

[Defense Counsel]: Calls for speculation, as well. [Prosecutor]: Okay. Your Honor, this is foundational, but the State would -- okay.

THE COURT: I've sustained - Is there a separate objection?

[Prosecutor]: We -- I will -- okay.

Q. So, Officer [Roberg], what is this citation -- what are you citing -

A. When you -

Q. -- the defendant for?

A. In -- procedural-wise you would make a traffic stop for an infraction or -- or something that you would have seen, which is the part that I, unfortunately, don't have today. After the fact, after I get to know whoever's -- whoever's driving, I would make checks via Police Dispatch or on my computer, and then I -

Q. I -- I -

A. -- would have learned further if he didn't have a license; and that's where the criminal citation would have come into play.

Q. Okay. I'm sorry. Perhaps I wasn't clear. I was asking you what did you cite Defendant for here.

A. I cited him for a revoked license.

Q. And how did you ascertain that his license was re -- how did you ascertain who the defendant was, first of all?

A. I asked him verbally.

Q. And let me ask you -- let me go back to ask you. Where was the location of the violation?

A. Merchant Street, the right-hand turn onto Mililani Street.

Q. And what were you there for?

A. The stop sign violations.

(Emphases added.)

During the cross, redirect, and recross examinations, Officer Roberg reiterated that he could not remember why he stopped Mundon. After Officer Roberg stepped down, defense counsel orally moved to suppress Officer Roberg's stop of Mundon from the evidence:

[Defense Counsel]: Your -- Your Honor, at this time I do want to place on the record that the Defense will be objecting and moving to suppress the stop as there's no evidence as to what the stop is, only evidence to what the officer normally does or probably did or speculates as to what he did. There's no evidence as to what he - the reason for --

THE COURT: You are stating that is your position at present?

[Defense Counsel]: At present time we -- we will -- we will need to suppress the stop.

THE COURT: And was this information heretofore available to you had you done due diligence?

[Defense Counsel]: No, as -- as far -- I mean, Counsel wasn't aware that there was a criminal --
THE COURT: Is there --

[Defense Counsel]: -- citation.

THE COURT: -- anything in the police reports to suggest that?

[Defense Counsel]: No. As far as -- no. The only evidence of the -- of the stop and whatever flowed from it is the citation that was discussed earlier.

THE COURT: Thank you.

I'll note your position on record; but I also note that there was no prior pretrial motion.

Without ruling on Mundon's oral motion to suppress,[3] the district court found Mundon guilty of OVLPSR-OVUII, and filed its Judgment on June 6, 2013. On June 24, 2013, the district court filed its "Findings of Fact, Conclusions of Law," which found and concluded, in relevant part:

FINDINGS OF FACT

1. Honolulu Police Department ("HPD") Officer Adam Roberg testified that on September 9, 2011, he was monitoring the intersection at Merchant and Mililani Streets, as it was a well know-spot [sic] to intercept violators that regularly disregarded the stop sign at the intersection.

2. At approximately 7:40 A.M., Officer Roberg initiated a traffic stop on [Mundon's] vehicle.

3. Officer Roberg's citation noted 'Merch past to Mil South" and further noted "STOP" in the section of the citation labeled "sign(s) posted."

4. At trial Officer Roberg was unable to remember exactly why he had stopped [Mundon's] vehicle, but testified that his regular activity was to stop vehicles at that location for a violation of the stop sign.

5. [Mundon] could not provide a license at the time of the stop, stating that he had a temporary license, but did not have it with him.

6. Officer Roberg cited [Mundon] for Driving Motor Vehicle While License Revoked, subsequently, it was discovered that [Mundon's] license had been revoked by the ADLRO administratively for Driving Under the

_____

[3] The State does not raise the timing of Mundon's motion to suppress as an issue in this appeal.

Influence of an Intoxicant from 5/29/2011 through May 28, 2012.

. . . .

CONCLUSIONS OF LAW

1. There was reasonable suspicion for the traffic stop. Although, the citation was for the offense of Driving Motor Vehicle While License Revoked, Officer Roberg testified that he routinely monitored the intersection at Merchant and Mililani Streets for stop sign violations and had written "STOP" in [Mundon's] citation section labeled "sign(s) posted." Officer Roberg's testimony constituted specific and articulable facts which taken together with rational inferences from those facts, reasonably warranted an investigatory stop. State v. Barnes, 58 [Haw.] 333, 338, 568 P.2d 1207, 1211 (1977).

Mundon filed his notice of appeal on August 5, 2013.

## II. STANDARD OF REVIEW

The appellate court reviews the sufficiency of evidence on appeal as follows:

[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawaiʻi 128, 145, 938 P.2d 559, 576 (1997)).

"'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Richie, 88 Hawaiʻi at 33, 960 P.2d at 1241 (citation and internal quotation marks omitted).

## III. DISCUSSION

In Barnes, the Hawaiʻi Supreme Court held:

To justify an investigative stop, short of an arrest based on probable cause, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio, [392 U.S. 1, 21 (1968)]. The ultimate test in these situations must be whether from these facts, measured by an objective standard, a man of reasonable caution would be warranted in believing that criminal activity was afoot and that the action taken was appropriate.

<u>Barnes</u>, 58 Hawaiʻi at 338, 568 P.2d at 1211 (quoting <u>State v. Joao</u>, 56 Haw. 216, 533 P.2d 270 (1975)).

Officer Roberg was not "able to point to specific and articulable facts" from which a reasonable person could objectively conclude that the investigative stop of Mundon was warranted.  <u>Id.</u>  The district court abused its discretion in denying Mundon's oral motion to suppress based solely on Officer Roberg's testimony "that he routinely monitored the intersection . . . for stop sign violations and had written 'STOP' in [Mundon's] citation section labeled 'sign(s) posted.'"

Because the State relied on evidence derived from Officer Roberg's unwarranted stop to obtain Mundon's OVLPSR-OVUII conviction, namely the evidence that Mundon assumed "actual physical control of any vehicle" while his license was revoked, Mundon's conviction must be reversed.  HRS § 291E-62(a); <u>See also State v. Maldonado</u>, 108 Hawaiʻi 436, 445, 121 P.3d 901, 910 (2005) ("'Assuming an unreasonable search or seizure, any evidence derived therefrom is inadmissible in a criminal prosecution, and a conviction obtained thereby must be reversed.'" (brackets omitted) (quoting <u>State v. Wallace</u>, 80 Hawaiʻi 382, 393, 910 P.2d 695, 706 (1996))).

## IV.  CONCLUSION

The "Notice of Entry of Judgment and/or Order and Plea/Judgment," entered June 6, 2013 in the District Court of the First Circuit is reversed.

DATED:  Honolulu, Hawaiʻi, January 29, 2015.

On the briefs:

Tyler I. Gomes
Deputy Public Defender
for Defendant-Appellant.

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

8